UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN D SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TREASURY, INTERNAL REVENUE SERVICE,<br><br>    Defendant. | Case No. 17-cv-05394-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, AND DENYING AS MOOT PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Docket Nos. 9, 19 |

## I. INTRODUCTION

Plaintiff Martin D. Smith (hereafter "Smith") failed to timely file a tax return for the 2001 tax year, and had only submitted a Form 1040 for that year seven years after it was due, and three years after the Internal Revenue Service ("IRS") assessed a deficiency of $70,662 against him. Based on the late-filed Form 1040, the IRS made an additional assessment of taxes of $40,095 against Smith. Smith later filed for bankruptcy and sought to discharge his 2001 tax liability. Because the government agreed that the latter amount was dischargeable, the bankruptcy court permitted the discharge of $70,662, but the district court reversed, and the Ninth Circuit affirmed the district court's ruling and held that the 2001 late-filed Form 1040 did not qualify as a return for purposes of determining dischargeability under 11 U.S.C. § 523(a). *See In re Smith,* 828 F.3d 1094 (9th Cir 2016). In light of the Ninth Circuit's holding, Smith now brings three causes of action to this Court—(i) he seeks an abatement of taxes in the amount of $40,095 for tax year 2001, (ii) declaratory relief from complying with 26 U.S.C. Section 6012 of the Internal Revenue Code (IRC § 6012), and (iii) he requests for class certification. *See* Docket No. 4 at 9–16 ("Compl."). Defendants United States Department of Treasury, International Revenue Service

(hereafter "United States") moves the court to dismiss this case for lack of subject matter jurisdiction.

Having carefully reviewed the parties' briefs, as well as their oral arguments, the Court hereby **GRANTS** the United States' motion with prejudice and **DENIES** Smith's motion for class certification as moot.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

After Smith failed to timely file his 2001 tax forms, the IRS prepared a Substitute for Return ("SFR") for him, and in March 2006, the IRS sent Smith a notice of deficiency showing the SFR's determination of tax liability of $70,662 for 2001. *See* Compl. at 2.  Smith failed to challenge the notice of deficiency by filing a petition with the United States Tax Court within the 90 days allotted, and in July 2006, the IRS assessed a deficiency against him of $70,662. *See* Docket No. 9 at 8.  Three years later, in May 2009, Smith filed a Form 1040 for his 2001 taxes, reporting a higher income than the one the IRS calculated in its assessment, thereby increasing his tax liability by the amount of $40,095 plus interest and applicable penalties. *See* Compl. at 2.

In December 2011, Smith filed a voluntary petition under Chapter 7, Title 11, of the United States Code in this district's bankruptcy court.  *See* Docket No. 9 at 9.  Smith and the IRS agreed that the increase in the assessment based on Smith's late-filed form was dischargeable, but they disputed whether the IRS's original $70,662 assessment was also dischargeable.  *Id*.  The bankruptcy court ruled that was dischargeable, the district court reversed and the Ninth Circuit affirmed the district court's order entering judgment in favor of the IRS.  *In re Smith,* 828 F.3d 1094 (9th Cir 2016); *see also In re Smith*, 527 B.R. 14, Case No. 13-CV-871-YGR (N.D. Cal. 2014).  In *In re Smith*, the principal issue was whether this late-filed form qualified as a "return" for purposes of the Bankruptcy Code because the code exempts from discharge any tax debt "with respect to which a return … was not filed or given." 11 U.S.C. § 523(a)(1)(B)(i).  *See* Docket No. 9 at 9.  Pursuant to § 523 of the Bankruptcy Code, if the late filed return is not a "return," the $70,662 assessment is not dischargeable in bankruptcy.  The Ninth Circuit held that Smith's late filed Form 1040, which was filed more than seven years after it was due, and more than three years after the IRS had prepared substitute return and begun to collect taxes, did not represent

2

"honest and reasonable attempt" by a debtor to satisfy requirements of tax law, and did not qualify as "return". *In re Smith* 828 F.3d 1094. Hence, the $70,662 assessment was not dischargeable.

Now before this Court, Smith argues that given that the Ninth Circuit declared that his late filed Form 1040 is not a "return", it is a "nullity" and invalid for all tax purposes. *See* Compl. at 9. As such, Smith contends that he is entitled to an abatement of taxes since the IRS lacked statutory authority to assess the additional tax amount of $40,095 based on the Form 1040 Smith filed in 2009. *Id*. Further, as a result of the Ninth Circuit's ruling, Smith argues he is forever incapable, and thus permanently barred from filing a document that will qualify as a "return" under the Tax Code. *Id.* at 10. Accordingly, he thus seeks declaratory relief that he need not comply with 26 U.S.C. Section 6012 of the Internal Revenue Code (IRC § 6012), which requires all taxpayers to file a return. *Id*. Smith also moves for class certification for similar declaratory relief; he seeks to certify two classes—(i) the first would cover all persons to whom the IRS has issued a SFR, who failed to file a timely Form 1040 in the time provided for by the SFR, and who lacked reasonable cause for the tardy filing ("SFR Class"), and (ii) the second would be a subset of the SFR class who nevertheless filed a Form 1040 upon which the IRS relied to assess additional tax liabilities but which did not constitute "tax returns" because they were made so late as to not constitute an "honest and reasonable attempt" to comply with the tax code ("Assessment Class"). *See* Docket No. 19 at 2.

### III. DISCUSSION

A. Legal Standard

Plaintiff bears the burden of establishing that subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A party has standing to bring an action under Article III of the Constitution only if an "actual controversy" exists. 28 U.S.C. § 2201(a). Moreover, the Declaratory Judgment Act (DJA), the vehicle through which Smith bases his claim for relief, provides, "No claim for abatement shall be filed by a taxpayer in respect of any assessment of any tax imposed under subtitle A [which refers to income taxes]." 26 U.S.C. § 6404(b). Further, the Anti-Injunction Act (AIA) affirmatively limits relief; it provides that, "Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b),

3

1  6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." § 26 U.S.C. § 7421(a).

B. <u>Article III Standing</u>

This Court finds that Smith has failed to establish Article III standing. The Article III "doctrines of standing and justiciability apply to actions for declaratory judgments." *W. Min. Council v. Watt*, 643 F.2d 618, 623 (9th Cir. 1981). Plaintiffs must establish three constitutional elements of standing: (1) "an 'injury in fact,' the violation of a protected interest that is (a) 'concrete and particularized,' and (b) 'actual or imminent'"; (2) "a causal connection between the injury and the [government's] conduct"; and (3) "a likelihood that the injury will be 'redressed by a favorable decision.'" *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). Smith has failed to address any of the constitutional elements in his papers; as the United States has pointed out, Smith has no actual injury. He filed his late 2001 Form 1040 and is not facing any collection efforts by the IRS thereon. Nor is there any threat of criminal prosecution for failure to file a tax return with respect to his 2001 taxes. *See* Docket No. 18 at 8. Absent any real threat of injury, Smith has failed to establish Article III standing to bring his claims for declaratory relief.

Furthermore, Smith's claim for abatement of taxes is moot since the IRS is abating Smith's assessed tax liability of $40,094, along with any penalties and interest associated with that liability. *See* Docket No. 9-1 ("Decl. of Hong") ¶ 3. To qualify as a case fit for federal court adjudication, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997). Considering that both parties have agreed that this amount was dischargeable in prior litigation and the IRS is in the process of abating Smith's tax liability of $40,095, there is no "actual controversy" over the amount. Smith's claim for relief in the form of abatement of taxes is thus moot.

C. <u>Claim 1: Abatement of Taxes</u>

Even if Smith had Article III standing, Smith's claim for abatement of taxes is expressly

4

barred by the Declaratory Judgment Act. Specifically, 26 U.S.C. § 6404(b) states that, "No claim for abatement shall be filed by a taxpayer in respect of any assessment of any tax imposed under subtitle A [which refers to income taxes]."[1] While Smith argues (inconsistent with other positions taken in this litigation) that he is not seeking abatement but a judicial order to confirm that tax assessment made was illegal and/or null upon inception and that the IRS lacks the legal right to make an assessment, *see* Docket No. 11 at 8, Smith in essence seeks an abatement of taxes. This Court will not permit Smith to exalt form over substance.

D.   Claim 2: Declaratory Relief from Complying with IRC Section 6012

Smith also seeks declaratory relief: (1) that he is not obligated to comply with IRC Section 6012 (which mandates generally the filing of individual federal income tax returns), (2) judicially nullifying IRS Revenue Ruling 2007-20, and (3) clarifying whether a taxpayer like Smith, who lacks 'reasonable cause' for filing a late Form 1040 after receiving the Substitute Return, may be in violation of 26 U.S.C. Section 7203 (willful failure to file). *See* Compl. at 3, 11, 14.

Smith argues that because the Ninth Circuit in *In re Smith* held that his late-filed Form 1040 did not qualify as a "return" for purposes of determining dischargeability under 11 U.S.C. § 523(a), he is incapable of complying with IRC § 6012(a)(1)(A), which states, "[r]eturns with respect to income taxes under subtitle A shall be made by [e]very individual having for the taxable year gross income which equals or exceeds the exemption amount…" (emphasis added). *See* Compl. at 10. Simply put, he can no longer file a "return" after the Ninth Circuit's decision.

Smith also seeks judicial nullification of IRS Revenue Ruling 2007-20, which states, in relevant part:

> "Finally, the Service is not obligated to make returns for taxpayers who fail to do so. Section 6020(b) merely provides the Service with a mechanism for determining the tax liability of a taxpayer who has not filed a return. Section 6020(b) does not require the Service to prepare a tax return in any case, and it does not excuse a taxpayer

---

[1] The District Court is not an appropriate forum for a dispute over the determination of amount of taxes at the first instance. Instead, a taxpayer is entitled to a due process hearing before an impartial officer at the Internal Revenue Service Office of Appeals. *See* 26 U.S.C. § 6330(b). Furthermore, in cases where a taxpayer receives and seeks to challenge a notice of deficiency, he or she "may file a petition with the Tax Court for a redetermination of the deficiency." 26 U.S.C. § 6213.

5

> from the requirements to file and pay or from liability for unpaid
> taxes, plus civil and criminal penalties for the failure to file or pay."

*See* Docket No. 4-3 at 3. Additionally, IRS Revenue Ruling 2007-20 states that filing tax returns and paying tax is not optional, and the IRS's authority to prepare a return under section 6020(b) does not relieve a taxpayer of the obligation to file a tax return or pay tax. *Id.* Smith argues that because the Ninth Circuit held that his untimely filed 2001 Form 1040 did not qualify as a "return," he is stuck in a classic case of "Catch-22" or perhaps "Catch-1040" — where is he required to comply with both IRC § 6012(a)(1)(A) and IRS Revenue Ruling 2007-20, but it is legally impossible for him to do so. *See* Compl. at 11-12.

Smith has no claim for declaratory relief under the Declaratory Judgment Act. The DJA limits declaratory judgment relief in tax cases. It provides:

> "In a case of actual controversy within its jurisdiction, except with
> respect to Federal taxes other than actions brought under section
> 7428 of the Internal Revenue Code of 1986 … any court of the
> United States, upon the filing of an appropriate pleading, may
> declare the rights and other legal relations of any interested party
> seeking such declaration, whether or not further relief is or could be
> sought." 28 U.S.C. § 2201(a).[2]

The relief sought by Smith is also barred by the Anti-Injunction Act (AIA) which provides, "Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." § 26 U.S.C.A. § 7421(a). The relief Smith seeks has the purpose of restraining the assessment or collection of inconsistencies by effectively disabling enforcement of IRC § 6012(a)(1)(A) and IRS Revenue Ruling 2007-20. As to the AIA, Smith asks this Court to declare that once the IRS prepares an SFR or makes an assessment against a taxpayer who failed to file an individual income tax return, that such a taxpayer need no longer comply with the Internal Revenue Code's requirement that taxpayers file tax returns. Again the declaratory relief sought by Smith would interfere with the

---

[2] There are very limited circumstances where a United States District Court may exercise jurisdiction in cases involving Federal taxes. One exception stated in the DJA enables this Court to determine whether an organization is tax-exempt. IRC § 7428.

6

1 IRS's ability to collect or assess taxes. *See Holyoak v. U.S.*, 437 Fed.Appx. 559, 560 (9th Cir. 2011).

Finally, Smith's arguments are fundamentally flawed on the merits since he was capable of complying with § 6012 and IRS Revenue Ruling 2007-20; he simply could have filed a timely tax-return. In any event, the Ninth Circuit was reviewing the definition of "return" for the purposes of discharging debts under the bankruptcy code, 11 U.S.C. § 523(a)(1)(B)(I). *See In re Smith* 828 F.3d 1094, 1098 (9th Cir. 2016). The Ninth Circuit only addressed a narrow question of whether Smith's Form 1040 qualified as a return for purposes of determining dischargeability under the Bankruptcy Code. *Id.* It did not find that Smith's Form 1040 was not a return for all tax purposes, and the ruling does not affect § 6012 or IRS Revenue Ruling 2007-20.

E. <u>Sovereign Immunity</u>

Finally, in an action against the United States, a sovereign, Smith is required to show that there is both a "waiver of sovereign immunity" and "statutory authority vesting [this Court] with subject matter jurisdiction." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007). According to the sovereign immunity doctrine, waivers of sovereign immunity "cannot be implied, but must be unequivocally expressed". *Dunn & Black P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007). As the United States has not consented to suit, and Smith has failed to point to any statutory authority vesting this Court with jurisdiction, Smith's claims are barred by sovereign immunity.

///
///
///
///
///
///
///
///
///

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the United States' motion to dismiss, and the claims are dismissed with prejudice. In light of the foregoing, Smith's motion for class certification is **DENIED AS MOOT**.[3]

This order disposes of Docket Nos. 9 and 19.

**IT IS SO ORDERED**.

Dated: March 7, 2018

EDWARD M. CHEN
United States District Judge

---

[3] Even if the class certification motion were not moot, it does not meet the requirements of Rule 23(a). With respect to the SFR Class, Plaintiff cannot demonstrate commonality because the question whether a return is "timely" is based on whether an individual has made "an honest and reasonable attempt to satisfy the requirements of the tax law," *In re Smith*, 828 F.3d 1094, 1096 (9th Cir. 2016), an inherently case-by-case inquiry that cannot be resolved class-wide with common evidence. With respect to the Assessment Class, Plaintiff cannot demonstrate he is a typical class representative because the IRS has abated the tax liability assessed based on his late Form 1040, so he is subject to a unique mootness defense. Moreover, because Plaintiff's individual claim is moot, he cannot be an adequate class representative because he lacks standing. Finally, with respect to both classes, Plaintiff makes no argument and offers no evidence regarding the adequacy of counsel to represent the class, a required showing.